UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JAMES ARTHUR ROAT, )<br>  Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>  Defendant. )<br>_____ ) | No. 2:18-cv-182<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on December 30, 2019 (ECF No. 15). The R&R recommends vacating the Commissioner's decision denying benefits because the decision incorrectly applied the law and failed to decide a question of fact. The Commissioner timely filed an objection (ECF No. 16); Plaintiff James Roat has not responded.

The Commissioner is entitled to de novo review on the portions of the R & R for which it has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v.* Warden, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

The ALJ found against Roat on Listing 1.00, so he did not analyze Listing 1.04(A). The magistrate judge concluded that the ALJ's failure to evaluate Listing 1.04(A) was an error requiring reversal for two reasons. First, because the law is undecided on this point: it is not clear whether a plaintiff must establish an inability to ambulate effectively (that is, satisfy Listing 1.00) before he may establish Listing 1.04(A). Because the law is not settled, the ALJ may have incorrectly applied the law. Second, the magistrate judge determined that the record evidence raised a substantial question of medical equivalency that might meet Listing 1.04(A). Therefore, the ALJ should have evaluated the evidence and made the first impression determination of whether Roat meets or equals Listing 1.04(A). Thus, the magistrate judge recommended vacating the ALJ's decision and remanding the case for an evaluation of Listing 1.04(A).

This Court's review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial legal evidence. *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "This Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Commissioner objects to the R&R and argues that the magistrate judge erred by failing to consider whether the ALJ's error was harmless. In the Commissioner's view, the evidence does not show that Roat meets or exceeds Listing 1.04(A), so the error is harmless and the opinion of the ALJ should be affirmed. In essence, the Commissioner asks this court to weigh the evidence and make the first impression determination regarding Listing 1.04(A).

The Court declines to do so. The Court cannot perform its normal function—that is, review the ALJ's decision to determine whether it was supported by substantial evidence—because the ALJ did not decide Listing 1.04(A). And it is not this Court's place to weigh the evidence or to decide a question of first impression. *Id.* Therefore, the magistrate judge properly concluded that the case should be remanded to the ALJ for a consideration of the evidence as it relates to Listing 1.04(A).

Given that there are no errors in the magistrate judge's analysis, the Court overrules the objection. Accordingly,

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 15) as the Opinion of the Court, **OVERRULES** the Commissioner's objections (ECF No. 16), and **VACATES** the decision of the Commissioner denying benefits to Plaintiff. The matter is **REMANDED** for further administrative action.

**IT IS SO ORDERED.**

**Date:** February 20, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge